IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KITA MONTGOMERY,

        Plaintiff,

    v.

CITY OF PORTLAND FIRE & RESCUE,

        Defendant.

Civil No. 08-1006-MO

OPINION AND ORDER

**MOSMAN, J.**,

        Plaintiff Kita Montgomery works for the City of Portland Fire and Rescue ("Portland Fire").  Ms. Montgomery filed suit against the City alleging ten federal and state law claims, for violations of Title VII, Age Discrimination in Employment Act ("ADEA"), Family and Medical Leave Act ("FMLA"), 42 U.S.C. § 1981, state statutory discrimination, Oregon Family Leave Act ("OFLA"), Oregon Revised Statute § 659A.040, state whistleblowing laws, and intentional and reckless infliction of severe emotional distress.  The court exercises supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).

        Currently before the court is the City's Motion to Dismiss (#14) the following: (1) count one of Claims One and Two for disparate treatment brought under Title VII and the ADEA; (2)

PAGE 1 - OPINION AND ORDER

Claim Three for violation of the FMLA; (3) Claim Five for discrimination under Oregon Revised

Statute § 659A.030; (4) Claim Six for violation of the Oregon Family Leave Act ("OFLA"); (5)

Claim Seven for violation of Oregon Revised Statute § 659A.040; (6) Claim Eight for violation

of state whistleblowing laws; and (7) Claim Ten for reckless infliction of emotional distress

("RIED").

For the reasons discussed below, the Motion to Dismiss is DENIED IN PART AND

GRANTED IN PART.  The motion to dismiss is DENIED as to count one of Claims One and

Two, disparate treatment under Title VII and ADEA.  The motion is GRANTED as to Claims

Three, Five, Six, Seven, and Eight, which are DISMISSED with prejudice as time-barred under

Oregon law.  The motion is also GRANTED at to claim Claim Ten, which is DISMISSED with

prejudice because the complaint fails to state a cause of action on which relief can be granted.

## BACKGROUND

Ms. Montgomery, an African-American woman over the age of 40, has worked at

Portland Fire for over sixteen years.  (Compl. (#1) ¶ 7.)  Her current job title is Office Support

Specialist I.  (*Id*. ¶ 8.)  The complaint states that "she has never been promoted despite her

applying for open positions and continued efforts to learn knew [sic] skills and job duties."  (*Id*.)

Ms. Montgomery alleges that from 1998-1999, she was regularly yelled at by her

immediate supervisor, was discriminated and retaliated against for her union role, and retaliated

against for participating in another employee's sexual harassment grievance and lawsuit.  (*Id*. ¶¶

12-15.)  In March 2000, Ms. Montgomery was diagnosed with Post Traumatic Stress Disorder,

which she contends resulted from working at Portland Fire.  (*Id*. ¶ 16.)  She took medical leave

under the FMLA and Oregon Family Leave Act and then returned to work in December 2000.

PAGE 2 - OPINION AND ORDER

(*Id*. ¶ 16-17.)

In July 7, 2005, Ms. Montgomery was transferred to the Logistics Division.  (*Id*. ¶ 19.)

From 2005 through March 8, 2006, Ms. Montgomery alleges that she was limited in the tasks

that she was allowed to do, and was asked wipe down Deputy Chief Eisner's desk, which she

found demeaning and discriminatory.  (*Id*. ¶¶ 20, 22-26.)

On April 3, 2006, some of Ms. Montgomery's male co-workers made derogatory jokes

during the cultural diversity training (*id*. ¶ 27), and on September 28, 2006, Ms. Reuter threw

pens at her while she answered the telephone (*id*. ¶ 28.)  On November 19, 2007, Staff Captain

Kevin Shanders gave Ms. Montgomery a card that contained a joke with an old woman, and

mumbled something to the effect of "then get the hint."  (*Id*. ¶ 30.)  Mr. Shanders also told her

that she would no longer be ordering supplies for the fire stations.  (*Id*.)

Ms. Montgomery filed a complaint with the Oregon Bureau of Labor and Industries

("BOLI") on February 7, 2008.  (Reeve Aff. (#16) Ex. 1.)  BOLI subsequently send her a right-to-

sue letter dated May 30, 2008.  (*Id*. Ex. 3.)  Ms. Montgomery filed this suit on August 27, 2008.

Service was first attempted on Portland Fire on September 4, 2008.  (Denner Aff. (#26) at 1.)

The process server was told that Portland Fire had temporarily moved to a different address.  (*Id*.)

On September 9, 2008, the process server went to the new address and attempted to serve Fire

Chief Dave Sprado.  (*Id*.)  The process server was informed that Mr. Sprado was no longer the

fire chief and that service needed to be directed to the City Attorney.  (*Id*.)  Then the

"[d]ocuments were placed on hold, per clients [sic] request, pending further information."  (*Id*.)

On November 4, 2008, the process server was directed to serve the City Attorney.  (*Id*.)  The City

Attorney was served on November 7, 2008.  (*Id*. at 2.)

PAGE 3 - OPINION AND ORDER

## DISCUSSION

### I.    Motion to Dismiss Standard

A well-pleaded complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A federal claimant is not required to detail all factual allegations; however, the complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*. Additionally, the court must accept all alleged material facts as true and construe them in the light most favorable to the non-moving party. *Karam v. City of Burbank*, 352 F.3d 1188, 1192 (9th Cir. 2003) (citations omitted).

### II.    Disparate Treatment Claims One and Two

Portland Fire seeks to dismiss the disparate treatment claims in violation of Title VII and the ADEA (count 1 of Claims One and Two) because complaint does not allege an adverse employment action within the applicable statute of limitations time period. I disagree.

Under Title VII and the ADEA, a plaintiff has 300 days to file a timely claim with a state agency enforcing its own anti-discrimination laws. 42 U.S.C. § 2000e-5(c). A claim for discrimination requires the plaintiff demonstrate that she: (1) is a member of a protected class; (2) was performing her job according to her employer's legitimate expectations; (3) was subject to an adverse employment action; and (4) similarly situated persons outside of her protected class were treated more favorably. *Chuang v. Univ. of Cal.*, 225 F.3d 1115, 1123 (9th Cir. 2000).

PAGE 4 - OPINION AND ORDER

As to the second requirement, an adverse employment action "materially affect[s] the compensation, terms, conditions, or privileges of . . . employment." *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1089 (9th Cir. 2008) (citing *Chuang*, 225 F.3d at 1126). The Ninth Circuit interprets adverse employment actions broadly. *Ray v. Henderson*, 217 F.3d 1234, 1241 (9th Cir. 2000). For example, employees given different or more burdensome work responsibilities are considered to have suffered an adverse employment action. *See Kortan v. Cal. Youth Auth.*, 217 F.3d 1104, 1113 (9th Cir. 2000); *see also Yartzoff v. Thomas*, 809 F.2d 1371, 1376 (9th Cir.1987) ("Transfers of job duties and undeserved performance ratings, if proven, would constitute 'adverse employment decisions.'"); *Granville v. City of Portland*, 2005 WL 1113841, at * 7 (D. Or. May 10, 2005) (holding that a modification of plaintiff's job duties by removing tasks was an adverse employment action). Still, harsh words or mere threats are insufficient to establish an adverse employment action, unless accompanied by more tangible interests. *See Nunez v. City of Los Angeles*, 147 F.3d 867, 875 (9th Cir. 1998).

Here, Ms. Montgomery filed her claim with BOLI on February 7, 2008. Based on her filing date, only events that occurred after April 13, 2007, fall within the applicable 300 days. The complaint alleges two events in 2007; Ms. Montgomery was given a card with a joke about an old woman, and she was told that she could no longer order supplies for the fire stations. The first incident does not rise to the level of an adverse employment action for a discrimination claim. The card, while offensive, did not affect Ms. Montgomery's terms or conditions of employment in any substantial way. Nonetheless, Ms. Montgomery's job duties were modified when she was told that she could no longer order supplies for the fire stations. Under the Ninth Circuit's broad definition of adverse employment action, this allegation is sufficient, at the

PAGE 5 - OPINION AND ORDER

motion to dismiss stage of the proceedings, to consider the limitation of her job tasks as an adverse employment action.  As such, Ms. Montgomery has established that at least one alleged event occurred within the applicable statute of limitations period.  Portland Fire's motion to dismiss the disparate treatment claims is therefore denied.

### III.    FLMA Claim Three is Time-Barred

Portland Fire argues that Ms. Montgomery's Third Claim under the FLMA, 29 U.S.C. § 2615(a)(1), should be dismissed because it is barred by the statute of limitations.  (Def.'s Memo. (#15) at 6.)  I agree.

FMLA claims have a two-year statute of limitations.  29 U.S.C. § 2617(c)(1).  Ms. Montgomery took medical leave in 2000 after being diagnosed with Post Traumatic Stress Disorder.  The most recent allegation related to her medical leave is that while she was gone through December 2000, her supervisor decided that Ms. Montgomery was only qualified to answer the telephone.  (Compl. (#1) ¶ 17.)  Thus, the last event constituting an alleged violation occurred on or before December 2000.  This is well outside of the two-year statute of limitations period and the FMLA claim is therefore dismissed as time-barred.

### IV.    State Law Claims Five, Six, Seven, and Eight Are Time-Barred

Portland Fire seeks to dismiss state law Claims Five, Six, Seven and Eight, brought under Oregon Revised Statute § 659A, as time-barred by Oregon's statute of limitations.  Because it was not served within 60 days of filing the complaint, as required under Oregon Revised Statute § 12.020(2), Portland Fire argues that the action was not commenced within the period allowed by law.  Ms. Montgomery concedes that she did not timely serve Portland Fire under Oregon law. (Pl.'s Resp. (#24) at 4-5.)  However, she contends that Federal Rule of Civil Procedure 3 governs

her pendent state law claims, and therefore the action was deemed to have timely commenced at

the time of filing in federal court.  (*Id.*)  Because the pendent state law claims are controlled by

Oregon law for tolling statute of limitations, I dismiss the state law claims as time-barred.

When a plaintiff is required to file a complaint with BOLI, a civil action must be

commenced within 90 days of the mailing of the 90-day notice to the complainant.  Or. Rev. Stat.

§ 659A.875(2).  Under Oregon law, an action is commenced when the complaint is filed and

served on the defendant.  Or. Rev. Stat. § 12.020(1).  The plaintiff has 60 days to complete

service on the defendant after filing, in order for the action to commence on the filing date.  *Id*. §

12.020(2).  In contrast, Federal Rule of Civil Procedure 3 provides that "[a] civil action is

commenced by filing a complaint with the court."  In light of the differences between Oregon

state law and the federal rules of civil procedure, the court must determine which commencement

provision applies for the purposes of tolling the statute of limitations.

In diversity cases, the Supreme Court has clearly held that under the *Erie* doctrine, state

law governs the commencement of an action for calculating the statute of limitations.  *Walker v.

Armco Steel Corp.*, 446 U.S. 740, 752-53 (1980).  However, the Supreme Court has not directly

addressed which rule applies for pendent state law claims brought under supplemental

jurisdiction with a federal question.  The Court has noted in dicta that "[i]n a federal-court suit on

a state-created right . . . a plaintiff must serve process before the statute of limitations has run, *if*

state law so requires for a similar state-court suit."  *Henderson v. United States*, 517 U.S. 654,

657 n.2 (1996) (citing *Walker*, 446 U.S. at 752-53).

The Ninth Circuit has instructed that "[s]tatutes of limitations, which dictate the life of

state causes of action, are too intimately connected with the substance of the state-created right to

be disregarded by the federal courts." *Harvey's Wagon Wheel, Inc. v. Van Blitter*, 959 F.2d 153,

157 (9th Cir. 1992) (quoting *Olympic Sports Prods., Inc. v. Universal Athletic Sales Co.*, 760

F.2d 910, 913 (9th Cir. 1985)). Accordingly, the court has stated that the federal civil rule

governing commencement of action "does not commence a suit based on state law for purposes

of the statute of limitations . . . [but] does commence a suit based on federal law that has a statute

of limitations borrowed from federal law." *Sain v. City of Bend*, 309 F.3d 1134, 1138 (9th Cir.

2002) (internal citations omitted).

      Cases within the District of Oregon have held that the timeliness of pendent state law

claims are based on Oregon law. *See Pelster v. Walker*, 185 F. Supp. 2d 1174, 1180 (D. Or.

2001) (holding that Oregon statute of limitations and related service requirements control when

evaluating the timeliness of state law claims); *Rivera v. TreeSource Indus., Inc.*, 2004 WL

2998529, at *3-4 (D. Or. April 22, 2004) (applying Oregon statute of limitations and related

service requirements to pendent state law claims).

      This court therefore concludes that for the purposes of tolling the statute of limitations for

pendent state law claims, the commencement of a suit is determined by state law. In this case

therefore, the controlling provision for suit commencement is Oregon Revised Statute §

12.020(2), which requires service to be effectuated within 60 days of filing.

      Here, Ms. Montgomery filed her complaint with BOLI, and received a right-to-sue letter

dated May 30, 2008. She filed her complaint with this court on August 27, 2008, which was

within the 90 day period. However, Portland Fire was not served until November 7, 2008. The

time between the filing of the action on August 27 and November 7 was 72 days, outside of the

60 day grace period provided under Oregon law. This means that the action did not commence

under Oregon law until November 2007.  As a result, suit for the pendent state law claims did not

commence until after the 90 statute of limitations period had run.  Therefore, the state law claims

based on Oregon Revised Statute § 659A are time-barred.

Ms. Montgomery further argues that if the court applies the Oregon commencement

provision, that the statute of limitations should be equitably tolled because the "[d]efendant

evaded service."  (Pl.'s Memo. (#24) at 7.)  However, there is no evidence before the court

supporting this position.  Ms. Montgomery first attempted service on September 4, 2008.  The

process server was told that Portland Fire had temporarily moved to a different address.  On

September 9, 2008, the process server went to the new address and attempted to serve Fire Chief

Dave Sprado.  The process server was informed that Mr. Sprado was no longer the fire chief and

that service needed to be directed to the City Attorney.  Then, for reasons not given to the court,

the "[d]ocuments were placed on hold, per clients [sic] request, pending further information."

(Denner Aff. (#26) at 1.)  On November 4, 2008, the process server was directed to serve the City

Attorney, which was accomplished on November 7, 2008.  There is no explanation for the delay

by the plaintiff.  Additionally, there are no facts to support the claim that Portland Fire sought to

evade service by directing plaintiff where to effectuate service.  Therefore, the court declines to

equitably toll the limitations period.  Accordingly, the state law claims under Oregon Revised

Statute § 659A (Claims Five, Six, Seven, and Eight) are dismissed.

## V.    **RIED Claim Ten**

Portland Fire seeks to dismiss the RIED claim on the basis that it is not recognized as a

cause of action in Oregon in the context of an employer-employee relationship.  (Def.'s Memo.

(#15) at 11.)  I agree, consistent with the multiple cases within the District of Oregon rejecting

RIED claims in the context of employment relationships.

Because an employer and an employee do not have a special relationship under Oregon law, there is not a sufficient, legally protected interest on which to base an RIED claim. *Navarette v. Nike, Inc.*, 2007 WL 221865, at *4 (D. Or. Jan. 26, 2007) ("[T]he mere existence of an employee-employer relationship between plaintiff and defendant is no longer sufficient to impose liability for RIED."); *see also Perez v. Nike, Inc.*, 2008 WL 282271, at *3-4 (D. Or. Jan. 31, 2008) (dismissing a RIED claim against an employer); *Atwood v. Or. Dept. of Transp.*, 2008 WL 803020, at *15 (D. Or. Mar. 20, 2008) (granting summary judgment to employer because a special relationship does not exist with the employee). Thus, the RIED claim is dismissed.

## CONCLUSION

Based on the foregoing, I DENY IN PART and GRANT IN PART the City of Portland's Motion to Dismiss (#14). The motion to dismiss count one of Claims One and Two are DENIED. The motion to dismiss Claims Three, Five, Six, Seven, Eight, and Ten is GRANTED, and the claims are dismissed with prejudice.

IT IS SO ORDERED.

DATED this   7th   day of May, 2009.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court

PAGE 10 - OPINION AND ORDER